IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANA DAMON BROWN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:19-CV-00139 |
| § | |
| ANDREW SAUL,[1] § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Brown filed the present action under the Social Security Act, 41 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying his request for disability insurance benefits. Brown and the Commissioner filed cross-motions for summary judgment. Dkts. 8, 9. After considering the parties' filings, the record, and the applicable law, it is **ORDERED** that the Commissioner's Motion be **GRANTED**, Brown's Motion be **DENIED**, and the final decision of the Commissioner be **AFFIRMED**.[2]

### I. BACKGROUND

**1. Factual and Administrative History**

Brown filed a claim for social security disability benefits on October 28, 2016 claiming a disability onset date of August 17, 2015. Tr. 207. His alleged disabilities include depression, anxiety, sleep apnea, severe headaches, mobility problems, knee restrictions and pain, sleeping

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to FED. R. CIV. P. 25(d). See also Section 205(g) of the Social Security Act, 42 U.S.C. § 45(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).
[2] The parties have consented to the jurisdiction of this magistrate judge for all purposes, including entry of final judgment. Dkt. 6.

1

problems, antisocial problems, and concentration problems. Tr. 228. Following the denial of his application and subsequent request for reconsideration, Brown requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 100. A hearing took place on April 25, 2018. Tr. 30-60. The ALJ issued a decision on July 20, 2018, finding that Brown was not disabled within the meaning of the Social Security Act. Tr. 10-19. The Appeals Council denied review on November 14, 2018 and the ALJ's decision became the final decision of the Commissioner. Tr. 1; *See* 20 C.F.R. §§ 404.981, 416.1481.

## 2. Standard for District Court Review of the Commissioner's Decision

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

## 3. Disability Determination Standards

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

At the first step, the ALJ decides whether the claimant is currently working or "doing substantial gainful activity." *Id*. at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At the second step, the ALJ must determine whether the claimant has a severe impairment. *Id*. at §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The third step of the analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the Listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. p, app. 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the answer is no, the ALJ determines at step five whether the claimant can perform other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton v. Apfel*, 209 F.3d 448, 452-53 (5th Cir. 2000).

   **4. The ALJ's Decision**

The ALJ performed the standard five-step sequential analysis, finding that Brown met the insured status requirements of the Act through December 31, 2020; had not engaged in substantial gainful activity since his alleged onset date of August 17, 2015; and had the severe impairments of degenerative joint disease; obesity; Asperger's syndrome; major depressive disorder; anxiety disorder; attention deficit/hyperactivity disorder (ADHD); and post-traumatic stress disorder

3

(PTSD). Tr. 13. The ALJ determined at step three that none of Brown's impairments, alone or in combination, met or equaled the severity of one of the listed impairments in Appendix 1 after specifically considering his degenerative joint disease under Listing 1.02A and his mental impairments under Listings 12.04, 12.06, 12.10, and 12.15. Tr. 14. In considering whether Brown's impairments equaled any of the Listings in severity, the ALJ considered the Paragraph B criteria and determined Brown exhibited mild impairments in his abilities to understand, remember, or apply information; interact with others; and adapt or manage himself. *Id*. The ALJ found Brown had moderate limitations in his ability to concentrate, persist, or maintain pace. *Id*.

Having found Brown's impairments did not medically equal the severity of one of the Listings, the ALJ determined Brown had the RFC to perform sedentary work with the following *additional limitations*:

> [T]he claimant can stand no more than 5 minutes at one time. The claimant can occasionally balance, stoop and kneel. The claimant can never climb ramps, stairs, ladders, ropes or scaffolds. The claimant can never crouch or crawl. The claimant can never operate a motor vehicle. The claimant can understand, remember, and carry out detailed, but not complex tasks, in a work environment free of fast paced production requirements.

Tr. 15. Based on the testimony of a vocational expert, the ALJ found that Brown could not perform any of his past relevant work. Tr. 17. Applying the RFC for sedentary work with the additional limitations, the ALJ found that Brown could perform other work in the national economy. Tr. 18. Therefore, the ALJ concluded that Brown had not been under a disability from August 17, 2015 through the date of his decision. *Id*.

## II. ANALYSIS

Brown argues the ALJ erred by posing a defective hypothetical to the Vocational Expert based on an erroneous mental RFC finding. Dkt. 8. As a result, Brown argues the Vocational

4

Expert's testimony in response to the hypothetical cannot constitute substantial evidence supporting the ALJ's ultimate determination of no disability. Dkt. 11 at 5.

**1. The mental RFC is supported by substantial evidence.**

The determination of a claimant's mental RFC is the sole responsibility of the ALJ. *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). The ALJ's findings of fact and RFC determination are conclusive and must be affirmed when supported by substantial evidence. 42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The evidence must be "more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quotations omitted).

When making the RFC determination, the ALJ considered Brown's testimony, his wife's testimony, and the entire medical record, which includes the treating physician opinion of Dr. Guerrero, and the opinions of two state agency medical consultants, Dr. Boudreaux and Dr. Luck. Tr. 16-17. The ALJ assigned little weight to Brown's testimony regarding the persistence, intensity, and limiting effects of his mental impairments, finding it was not entirely consistent with the record. Tr. 16. The ALJ assigned significant weight to the opinions of the treating physician and state agency consultants due to their overall consistency with the record. Tr. 16-17, 67, 82.

*Brown's Testimony*. Brown testified that he suffers from stress, anxiety, and depression related to work. Tr. 29-38. Brown reported that he had been seeing a psychiatrist with increasing frequency and was on medication but had not seen much improvement. Tr. 35-38. The ALJ has the benefit of observing a claimant's testimony first-hand and is entitled to assess its credibility. *Falco v. Shalala*, 27 F.3d 160, 164 n.18 (5th Cir. 1994). The ALJ's credibility finding and the

5

resulting weight given to Brown's opinion is entitled to deference. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). Therefore, the ALJ committed no legal error when finding Brown's testimony regarding his impairments not fully consistent with the record and weighing it accordingly.

*Dr. Guerrero's treating physician opinion.* Dr. Guerrero began treating Brown for stress and related symptoms in August 2015. Tr. 342. Throughout his treatment history with Dr. Guerrero, Brown complained of anxiety and depression related to work and uncertainty about his future. Tr. 304. Still, Dr. Guerrero opined Brown has a fair prognosis with psychological and psychiatric support and noted that Brown was able to keep a job, handle stress and change, and maintain appropriate and healthy relationships at work during his 16-year work history. Tr. 306. The ALJ assigned significant weight to the opinion based on the long-term treatment relationship between Brown and Dr. Guerrero, Dr. Guerrero's specialization as a psychiatrist, and the overall consistency between the opinion and the medical record. Tr. 16, 304-05. Opinions from treating physicians are generally entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the record. 20 C.F.R. § 404.1527; *Newton v. Apfel*, 209 F.3d at 455 (quotations omitted). The ALJ did not err in affording significant weight to Dr. Guerrero's opinion. Therefore, the substance of that opinion constitutes substantial evidence in support of the ALJ's ultimate disability determination.

*Drs. Boudreaux and Luck's consulting opinions.* Dr. Boudreaux determined Brown has the mental RFC to understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, interact adequately with coworkers and supervisors, and respond appropriately to change in routine work settings. Tr. 67. Dr. Boudreaux noted that Brown has no social limitations. Tr. 66. She found Brown has moderate

6

limitations in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, and respond appropriately to changes in work settings. Tr. 67. Dr. Boudreaux also found Brown has moderately limited abilities to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id*.

Dr. Luck found Brown has some limitations in concentration and persistence, including moderately limited abilities to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Tr. 82. Dr. Luck found Brown is moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a constant pace without an unreasonable number and length of rest periods. *Id*. Dr. Luck described those limitations as being caused by pain, difficulty sleeping, anxiety, and depression, which result in worry and difficulty with concentration, persistence, and pace. *Id*. Despite these limitations, Dr. Luck opined that Brown's limitations do not preclude him from meeting basic mental demands of competitive work on a sustained basis. *Id*.

The ALJ assigned significant weight to Dr. Boudreaux's and Dr. Luck's opinions, finding they were consistent with the record as whole. Tr. 17, 67, 82. An ALJ must consider the findings of Agency medical consultants and explain the weight assigned to them because they are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1); SSR 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996); *see also Wycoff v. Berryhill*, No. 4:18-CV-885, 2019 WL 699995, at *4 (S.D. Tex. Feb. 19, 2019) (citations omitted). Brown has not shown any error in the ALJ's treatment of the Agency medical consultants' opinions: the ALJ expressly considered them and assigned them significant weight, all in accordance with his responsibility to review

opinion evidence from Agency medical consultants. *See* 20 C.F.R. § 404.1513a(b)(1). Having been properly considered and assigned weight by the ALJ, Dr. Boudreaux's and Dr. Luck's opinions comprise substantial evidence supporting the ALJ's disability decision.

**2. The hypothetical posed to the vocational expert was not error.**

A determination of non-disability based on a defective hypothetical question cannot stand. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (citations omitted). On the other hand, a hypothetical question posed to a vocational expert can constitute substantial evidence supporting a denial of benefits where the hypothetical meets two requirements. First, it must "incorporate reasonably all disabilities of the claimant recognized by the ALJ . . . ." *Id*. Second, the claimant must be afforded an opportunity to correct deficiencies in the question. *Id*.

Regarding the first requirement, a hypothetical is deemed to have "incorporate[d] reasonably" the claimant's disabilities recognized by the ALJ where the hypothetical question "tracks" the RFC. *See Boyd v. Colvin*, Civil Action No. 3:14-CV-3621-B-BH, 2016 WL 11431548, at *20 (N.D. Tex. Mar. 28, 2016), *adopted by* 2016 WL 1578767 (N.D. Tex. Apr. 19, 2016) (explaining a vocational expert's testimony supports a disability determination where the hypothetical question "tracks" with the RFC determination and the RFC is supported by substantial evidence); *see also Canavas v. Comm'r of Soc. Sec.*, C.A. No. C-11-399, 2012 WL 2160924, at *13 (S.D. Tex. May 22, 2012), *adopted by* 2012 WL 2160121 (S.D. Tex. June 13, 2012) (explaining a hypothetical question that incorporates the claimant's RFC "incorporate[s] reasonably" the claimant's disabilities recognized by the ALJ); In this case, the ALJ's hypothetical question tracked perfectly with the RFC finding. The ALJ asked the Vocational Expert to consider an individual who can work at the sedentary exertional level with non-exertional limitations of standing no more than five minutes at a time; can occasionally balance, stoop, and kneel, but never

crouch or crawl or climb ramps, stairs, ladders, ropes, or scaffolds; can never operate a motor vehicle; and can understand, remember, and carry out detailed but not complex tasks in a work environment free of fast-paced production requirements. Tr. 44. The ALJ's hypothetical question is substantively identical to and clearly tracks the ALJ's RFC determination.

Regarding the second requirement, Brown also had the opportunity to correct deficiencies in the question. After the Vocational Expert testified in response to the same hypothetical question Brown now alleges as error, his counsel declined the opportunity extended by the ALJ to question the Vocational Expert. Tr. 46. The ALJ's hypothetical question "incorporate[d] reasonably" the claimant's disabilities recognized by the ALJ and Brown had a fair opportunity to raise any alleged defects in the hypothetical question. Therefore, in finding Brown was not disabled, the ALJ was entitled to rely on the Vocational Expert's responsive testimony that a person with those limitations could not perform Brown's past work, but that other jobs existed in the national economy that he could perform. *See Bowling v. Shalala*, 36 F.3d at 436; Tr. 44-45.

Finally, Brown appears to argue the ALJ erred by posing a hypothetical question to the Vocational Expert that did not include specific limitations related to the ALJ's Paragraph B findings. As discussed above, a hypothetical question sufficiently incorporates a claimant's disabilities where it tracks the ALJ's RFC finding. The regulations do not require the ALJ to incorporate the Paragraph B findings into the RFC word-for-word. *Westover v. Astrue*, Civil Action No. 4:11-CV-816-Y, 2012 WL 6553102, at *8 (N.D. Tex. Nov. 16, 2012), *adopted by* 2012 WL 6553829 (N.D. Tex. Dec. 13, 2012); *Patterson v. Astrue*, No. 1:08-CV-109-C, 2009 WL 3110205, at *5 (N.D. Tex. Sep. 29, 2009). The ALJ addressed Brown's Paragraph B limitations in the RFC by limiting him to detailed, but not complex, tasks in a work environment free of fast-paced production requirements. *See Westover v. Astrue*, 2012 WL 6553102, at *10 (citations

9

omitted) ("[T]he ALJ properly incorporated all the functional limitations that he found in his RFC assessment into the hypothetical question. Specifically, the ALJ's hypothetical limitation to 'detailed, but not complex instruction' indicates incorporation of [the claimant's] impairment in concentration, persistence, or pace."). Therefore, the ALJ did not err by posing a hypothetical question to the Vocational Expert that did not include specific limitations based on the ALJ's Paragraph B findings.

## CONCLUSION

For the reasons stated above, the Court concludes that the ALJ's decision denying disability benefits is supported by substantial evidence and was not error. Therefore, the Court recommends the Commissioner's Motion be **GRANTED**, Brown's Motion be **DENIED**, and the final decision of the Commissioner be **AFFIRMED**.

Signed at Houston, Texas on March 11, 2020.

Christina A. Bryan
United States Magistrate Judge